# EXHIBIT "B"

Chris Daniel - District Clerk Harris County
Envelope No. 29968496
By: Walter Eldridge
Filed: 12/26/2018 6:38 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MELINDA ABBT, *Plaintiff* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| CITY OF HOUSTON, TEXAS AND JOHN CHRIS BARRIENTES, *Defendants* | § § § § | HARRIS COUNTY, TEXAS ___ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

Plaintiff, Melinda Abbt, files this Original Petition and Request for Disclosures and in support, would show the Court as follows:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

2. Plaintiff, Melinda Abbt ("Abbt"), is an employee of the City of Houston and a resident of the State of Texas.

3. Defendant City of Houston, Texas is a governmental entity. Service of the Summons and this Complaint may be made on the City of Houston by serving Anna Russell, its City Secretary, at 900 Bagby Street, Houston, Texas 77002 under the authority of TEXAS CIVIL PRACTICE & REMEDIES CODE § 17.024(b).

4. Defendant John Chris Barrientes is a resident of the State of Texas. He may be served with process at 4302 Dallas Street, Houston, Texas 77023, or wherever he may be found.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction because the amount in controversy exceeds this Court's minimum jurisdictional requirement and Defendants are residents of Harris County, Texas.

6. Venue is proper in Harris County, Texas because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Harris County, Texas.

## IV. FACTS

7. Abbt has been a firefighter for the City of Houston since June 23, 2003. From July 13, 2006, to May 30, 2009, she was assigned to Houston Fire Department ("HFD") Station 18. She was the only female firefighter on her shift and in the station at the time.

8. At Station 18, Abbt would occasionally bring her personal laptop to work on personal tasks. She would usually use her personal laptop in her bunk in the station dormitory. When she would leave the dorms to do work around the station, she would close and cover her laptop with a blanket so that it could not be seen by a casual observer. Because the doors to the station were usually open, she did this to protect her property from members of the public. She never imagined that her co-workers would take the laptop or look through her personal files.

9. During Abbt's assignment to Station 18, Barrientes, a Junior Captain, and Abbt both worked the "A" shift. As the Junior Captain assigned to that shift, Barrientes was Abbt's supervisor.

10. During pre-suit discovery, Barrientes testified that one day during his shift, while in the Junior Captain's office, he received an email that contained a video depicting Abbt without any clothes on. This private video, which Abbt had stored in a well-hidden part of her computer hard drive, had been taken from her personal computer without her permission by one of her coworkers at the station. Barrientes viewed the video on a computer kept in Station 18. Barrientes did not inform Abbt he had received this video, nor did he inform HFD human resources.

11. A few days after Barrientes received the video, David Elliot ("Elliot"), who was a Chief at the time, and Jonathan Sciortino ("Sciortino"), who was assigned to drive Elliot, visited

Station 18 to deliver the mail, which was part of Elliot's duties as Chief. During the visit, Barrientes showed Elliot and Sciortino the video of Abbt. Barrientes has also testified that he later sent the video via email to Elliot.

12. Upon information and belief, numerous other HFD employees who worked at Station 18 viewed Abbt's private videos and photographs on multiple occasions over a number of years. These individuals viewed the videos and photographs on a computer kept in the station while on duty.

13. In mid-May 2017, Elliot contacted Abbt's husband, Chief Eric Abbt, and told him that eight years ago, he had witnessed Barrientes and other crew members at Station 18, including Sciortino, looking at private photographs and videos depicting Abbt. Soon after his conversation with Elliot, on or around May 18, 2017, Abbt's husband informed her of what had happened. This was the first time she learned that anyone other than her husband or herself had viewed her private photographs and video files stored on her laptop. She was and continues to be horrified and humiliated to learn that her colleagues had searched for, found, copied, viewed, and shared sensitive images and videos of her without her knowledge or consent.

14. To Abbt's knowledge, no other male HFD employee has been treated in this fashion, and Sciortino and Barrientes both testified they have never seen private photographs or videos of male firefighters. Because of this treatment, Abbt is deeply disturbed and petrified that the people she interacts with in her day-to-day professional life have seen these sensitive images without her knowledge or consent.

15. On May 19, 2017, the day after discovering this incident, she called in sick and made a report to Staff Services with the City of Houston. Shortly thereafter she filed a complaint against Barrientes and Sciortino with the Office of Inspector General ("OIG").

16. Although the Fire Department was aware of her circumstances in May 2017, the City of Houston did not grant Abbt's request for leave at that time. In June 2017, the City of Houston instructed Abbt to visit Dr. Jana Tran. On June 6, 2017, Dr. Tran diagnosed Abbt was diagnosed with post-traumatic stress disorder ("PTSD"). Based on this diagnosis, she requested and received unpaid leave through the Family Medical Leave Act. Although Abbt later requested paid leave for this injury, the City of Houston has consistently denied her request.

17. In September 2017, Melinda Abbt received a recording made by a fellow firefighter of a conversation he had with Sciortino. Sciortino's account of the events during which Abbt's images and videos were copied and stolen differs slightly from Elliot's, but the essential acts remained the same. Abbt provided this recording to the OIG.

18. After several months, OIG made very little progress in its investigation. Then, on October 17, 2017, Melinda Abbt received a letter from the OIG stating that they had sustained her allegation regarding Barrientes and also found that Elliott "knew about the video and failed to take appropriate action."

19. However, even with this finding, the City of Houston has not taken appropriate corrective actions. First, at the time Abbt's co-workers and supervisors, including Barrientes, stole, viewed, and shared her private videos and photographs, HFD did not have any workplace sexual harassment policy in place. According to Barrientes and Sciortino, it also did not have a place or a person to whom employees could report sexual harassment, and it did not provide any training regarding sexual harassment. Second, in response to Abbt's report, one employee told Abbt that, despite her severe anxiety about interacting with the people who saw her private videos, she should go back to work and "be proud of her body." Third, OIG's investigation was inadequate. Its investigator initially went to the wrong station, and by the time she arrived at the

correct station the computer on which Abbt's videos and photographs were stored had disappeared. OIG's investigator did not ask either Barrientes or Sciortino if anyone else had seen Abbt's videos and photographs, and it has not attempted to discover whether any of Abbt's other co-workers or supervisors have seen or have copies of the videos and photographs. Yet, Abbt was personally informed by one of her colleagues that other co-workers admitted to seeing Abbt's videos and photographs in a room full of other HFD employees.

20. While the City of Houston sustained Abbt's allegations, the City has not appropriately disciplined Barrientes or Sciortino. While the City of Houston gave Barrientes a 90-day suspension and demotion, it allowed Barrientes to serve the suspension, he was not required to serve all 90 days at once, and he is still eligible to take the test for a promotion to District Chief. The City of Houston also only gave Sciortino a four-day suspension for which he was allowed to use benefit time.

21. The City of Houston has also made no effort to allow Abbt to return to work in a position in which she could avoid interacting with Barrientes or Sciortino, much less any of the other employees who worked at Station 18 at the time, and it has not instructed Barrientes or Sciortino to avoid Abbt or assigned them to schedules to avoid overlap with Abbt. Therefore, due to her extreme stress and anxiety at the idea of working with people who have seen her personal files, Abbt has been unable to return to work for the City of Houston as a firefighter.

22. Finally, the City of Houston has retaliated against Abbt by denying her requests for paid leave based on her PTSD. Abbt's report of Sciortino and Barrientes for sexual harassment was a protected activity under Title VII. Although the City of Houston is well aware Abbt's PTSD is the result of an on-the-job injury (the harassment she experienced), it has denied giving her paid leave even though it is HFD policy to grant paid leave for injuries suffered while

5

working. Therefore, the only explanation for this decision is that Abbt made her initial report and, after OIG took five months to complete its investigation, filed a Charge of Discrimination with the EEOC on October 24, 2017. In December 2017, the City of Houston also attempted to persuade Dr. Tran to stop treating Abbt an in effort to dissuade Abbt from pursuing her claims against the City of Houston and its employees.

## V. CAUSES OF ACTION

### 1. Sexual Harassment (City of Houston, Texas)

23. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

24. Abbt, a woman and member of a protected class, was a victim of sexual harassment when her co-workers stole private images and videos from her personal computer, viewed these files, saved them on a computer kept in her station, and distributed them to other HFD employees without her consent. As a specific example, Abbt's supervisor, Barrientes, while on duty and in the course and scope of his employment, viewed a video of Abbt multiple times, showed it to Sciortino and Elliot, and sent a copy via email to Elliot. Neither Barrientes nor Elliot, both of whom were senior to Abbt, informed Abbt about the video at the time or reported the video to human resources, OIG, or another appropriate office within the City of Houston.

25. No male HFD employee has ever had his private photographs stolen, viewed, and distributed by his co-workers and supervisors, and it is clear the only reason Abbt's co-workers and supervisors harassed her in this manner was because she is a woman.

26. The sexual harassment Abbt has endured has caused PTSD and has made it impossible for her to return to work without any attempt by the City of Houston to ensure she will avoid interacting with the individuals who viewed her photographs and video, including but not limited to Barrientes and Sciortino.

27. At the time HFD's employees first stole Abbt's photographs and videos, HFD did not have sufficient policies or training in place to prevent the harassment. Since Abbt's report, HFD has failed to take sufficient measures to end the harassment, including a complete investigation into who else may have seen or copied Abbt's files.

28. Abbt has suffered sexual harassment and been subjected to different terms and conditions of employment because of her female gender, including a hostile work environment, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et. seq.*

## 2. Retaliation (City of Houston, Texas)

29. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

30. Abbt engaged in a protected activity when she reported Sciortino and Barrientes for viewing and potentially disseminating her private photographs and videos, and when she filed a Charge of Discrimination with the EEOC.

31. Although Abbt's PTSD is an injury she suffered while working for HFD, HFD denied her paid leave for that injury.

32. Because it is otherwise HFD's policy to grant paid leave for on-the-job injuries, Abbt's report and subsequent EEOC Charge is the reason HFD denied her request for paid leave.

33. Thus, Abbt has been subjected to different terms and conditions of employment because she opposed unlawful sex discrimination and sexual harassment, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et. seq.*

## 3. Violation of Texas Civil Practices and Remedies Code § 98B.002
### (Barrientes and City of Houston, Texas)

34. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

35. Barrientes disclosed Abbt's intimate visual material without her consent when he showed the video depicting Abbt without any clothes on to Sciortino and Elliot and later sent the video to Elliot.

36. When Abbt created the video and other personal photographs and saved them in a hidden area of her personal computer, she had a reasonable expectation they would remain private, and Barrientes knew Abbt did not intend for him to view the video.

37. Barrientes told Sciortino and Elliot the video depicted Abbt.

38. Abbt has suffered harm due to Barrientes's dissemination of her intimate visual material, including PTSD, severe anxiety, and the inability to return to her job at the City of Houston.

39. The City of Houston is vicariously liable for Barrientes's actions because he was acting in the course and scope of his employment when he viewed and disseminated Abbt's intimate material. It is also vicariously liable for any other HFD employees who, while on duty as firefighters, viewed or shared Abbt's videos or photographs in violation of this statute.

40. Plaintiff seeks all available damages for Defendants' violation of section 98B.002 of the Texas Civil Practice and Remedies Code, including statutory damages, emotional distress and mental anguish she suffered as a result of Defendant's conduct. Plaintiff also seeks injunctive relief to which she is entitled as a result of Defendants' conduct.

**Attorneys' Fees and Costs**

41. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

42. Abbt is entitled to reasonable and necessary attorneys' fees and costs under 42 U.S.C. § 2000e-5(k) and Texas Civil Practices & Remedies Code § 98B.003. Plaintiff has incurred and will incur reasonable and necessary attorneys' fees and costs.

8

43. Plaintiff is represented by an attorney.

## VI. CONDITIONS PRECEDENT

44. All conditions precedent have been met, have occurred, or have been waived. Plaintiff received the Notice of Right to Sue letter related to the foregoing claims from the Equal Opportunity Employment Commission on October 1, 2018. This suit has been filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

## VII. JURY DEMAND

45. Plaintiff demands a jury trial on all triable issues.

## VIII. REQUEST FOR DISCLOSURES

Pursuant to TEX. R. CIV. P. 194, Defendants are hereby requested to disclose to Plaintiff, within fifty (50) days of the service of this request, the information and materials in RULE 194.2 of the TEXAS RULES OF CIVIL PROCEDURE. Pursuant to RULE 194.4 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby requested to produce, along with their responses, any documents which support or evidence any of the information disclosed pursuant to RULE 194.2 of the TEXAS RULES OF CIVIL PROCEDURE.

## IX. PRAYER

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that the Court award Plaintiff damages for the emotional distress and mental anguish she suffered as a result of Defendant's conduct, compensatory damages, and all other damages attorneys' fees, costs and expenses to which Plaintiff is entitled under law or equity, as well as pre-judgment and post-judgment interest at the maximum rate allowable by law, and all other relief to which Plaintiff is entitled under law or equity.

Respectfully submitted,

AHMAD & CAPODICE, PLLC

/s/ Nasim Ahmad
Nasim Ahmad
Texas Bar No. 24014186
nahmad@ahmad-capodice.com
24900 Pitkin, Suite 300
The Woodlands, Texas 77386
Telephone: (832) 767-3207
Facsimile: (281) 864-4379

Of Counsel:

Joseph Y. Ahmad
Texas Bar No. 00941100
joeahmad@azalaw.com
Jordan Warshauer
Texas Bar No. 24086613
jwarshauer@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS
      ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

COUNSEL FOR PLAINTIFF
MELINDA ABBT

10

CAUSE NO. 2018-90881

| | | |
|---|---|---|
| **MELINDA ABBT,** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **CITY OF HOUSTON, TEXAS and** | § | |
| **JOHN CHRIS BARRIENTES,** | § | |
| *Defendant* | § | 165TH JUDICIAL DISTRICT |

## DEFENDANT CITY OF HOUSTON'S ORIGINAL ANSWER and AFFIRMATIVE DEFENSES

Defendant, CITY OF HOUSTON, TEXAS, files this original answer to Plaintiff, Melinda Abbt's original petition, and its affirmative defenses.

### GENERAL DENIAL

Defendant City of Houston generally denies the allegations in plaintiff's original petition.

### AFFIRMATIVE DEFENSES

Defendant alleges by way of affirmative defenses the following:

1. The petition fails to state a claim upon which relief can be granted. Plaintiff failed to allege facts demonstrating that she has been denied any rights to which she is lawfully entitled.

2. Plaintiff was not damaged by any actions of the Defendant.

3. Plaintiff wholly failed to mitigate her damages as required by law.

4. For further and special answer, the City would show that it is not liable for any claims asserted by Plaintiff in that the City is a municipal corporation, functioning as such under a Special Charter granted it by the legislature of the State of Texas, as well as by Article IX, Section 5 (the "Home Rule Amendment") of the Constitution of the State of Texas, and the various laws of the State of Texas germane thereto; thus, by virtue of the doctrine of

governmental immunity, the City is not obligated by operation of law to respond in damages for its acts and/or omissions, nor for those of its agents, servants, or employees, incident to, resulting from or arising and developing out of its governmental functions, nor may Plaintiff claim benefit a waiver of such immunity.

5. Defendant did not take unlawful adverse employment action(s) against Plaintiff. Defendant's actions were taking in the furtherance of legitimate and non-retaliatory business reasons.

6. Defendant affirmatively pleads that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior and further pleads that the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer to avoid harm.

7. The Defendant specifically denies that all conditions precedent have been met by Plaintiff prior to the filing of this suit.

8. The Defendant asserts all statutory caps, including but not limited to those under Chapter 21 of the Texas Labor Code as to Plaintiff's claim for damages.

9. The Court lacks subject matter jurisdiction over Plaintiff's claims.

10. Plaintiff is not entitled to recover for all damages pled.

## III. PRAYER

WHEREFORE, the Defendant prays that Plaintiff takes nothing by her cause, that each and every claim asserted against Defendant City of Houston in the Original Petition be dismissed in its entirety, and that the Defendant be awarded costs, attorneys fees, and such other relief at law and in equity to which it may be justly entitled.

Respectfully submitted,

  /s/   *Deidra Norris Sullivan*
RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Chief, Labor, Employment & Civil Rights

DEIDRA NORRIS SULLIVAN
Senior Assistant City Attorney
SBN: 24080648
Email: Deidra.Sullivan@houstontx.gov
Tel.: (832) 393-6299

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. BOX 368
Houston, Texas 77002
Fax: (832) 393-6259

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

I certify that on 8th of April 2019, I served a copy of the foregoing document on the parties listed below by electronic service and that the electronic transmission was reported as complete.

Nasim Ahmad
AHMAD & CAPODICE, PLLC
Texas Bar No. 24014186
nahmad@ahmad-capodice.com
24900 Pitkin, Suite 300
The Woodlands, Texas 77386
Tel. (832) 767-3207
Fax. (281-864-4379
**ATTORNEY FOR PLAINTIFF**

Joseph Y. Ahmad
Texas Bar No. 00941100
joeahmad@azalaw.com
Jordan Warshauer
Texas Bar No. 24086613
jwarshauer@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI, & MENSING, P.C.
1221 McKinney Street, Suite 2500
Tel. (713) 655-1101
Fax. (713) 655-0062
**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. 2018-90881

| | | |
|---|---|---|
| MELINDA ABBT, | § | IN THE DISTRICT COURT OF |
|    *Plaintiff* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITY OF HOUSTON, TEXAS AND | § | |
| JOHN CHRIS BARRIENTES, | § | |
|    *Defendants* | § | 165TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant JOHN CHRIS BARRIENTES (herein called "Defendant"), and files this his Original Answer to the Original Petition of Plaintiff MELINDA ABBT (herein called the "Plaintiff") in the above captioned lawsuit, and would respectfully show the following:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, the Defendant generally denies each and every one, all and singular, of the allegations in Plaintiff's Original Petition and demands that the allegations thereof be proven as required by applicable law.

### II.
### AFIRMATIVE DEFENSE

Additionally, to the extent applicable, the Defendant pleads as an affirmative defense that the conduct of some third party or parties over whom Defendant had no control or right of control was a cause, proximate cause and/or the sole proximate cause, and/or the producing cause, and/or the sole cause, and or a new and independent cause, and/or an intervening cause of any alleged damages sought by the Plaintiff.

### III.
### PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, the Defendant JOHN CHRIS BARRIENTES asks this Court to enter judgment: (i) denying and dismissing the Plaintiff's Original Petition, (ii) providing that Plaintiff take nothing by way of her suit, (iii) assessing costs against the Plaintiff, and (iv) awarding all other and further relief, both in law or in equity, to which the Defendant is or may be justly entitled to receive.

Date: April 12, 2019.

Respectfully submitted,

The Soliz Law Firm, P.L.L.C.

By: ____/s/ Joseph G. Soliz_____
Joseph G. Soliz
Texas Bar No. 18827600
2800 Post Oak Blvd., Suite 4100
Houston, Texas 77056
Telephone: (713) 228-8922
Facsimile: (713) 228-8959
E-mail: jsoliz@aol.com[1]

**ATTORNEYS FOR DEFENDANT
JOHN CHRIS BARRIENTES**

---

[1] Defendant consents to email service of all motions, pleadings, and all other documents filed in this proceeding to be delivered to this email address.

**CERTIFICATE OF SERVICE**

   The undersigned attorney hereby certifies that on April 12, 2019, a true and correct copy of this pleading was served on the attorney of record for all other parties via e-service, certified mail, and/or facsimile transmission, in accordance with applicable provisions of the Texas Rules of Civil Procedure.

                 _____/s/ Joseph G. Soliz_____
                     Joseph G. Soliz