IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELINDA ABBT, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:19-cv-1353 |
| CITY OF HOUSTON, TEXAS *and* JOHN CHRIS BARRIENTES, | § § § § | |
| *Defendants*. | § | |

## Parties' Joint Status Report

The parties submit this joint status report as required by the Court's Order to Report (Dkt. 63). The parties have conferred on the concrete next steps required to advance this case, including discovery, and propose the remaining discovery before this case is ready for trial.

**Joint Discovery**

Both Abbt and the City would like to subpoena for deposition former Chief David Elliott.

**Abbt's Requested Discovery**

Abbt seeks a corporate representative deposition of the City on (1) the scope of the City's investigation into Abbt's complaint and (2) the Fire Department's policies and procedures on sexual harassment and reporting.

Abbt also seeks the following documents to be produced by the City: (1) written communications between the City and former Chief Elliott or Chris Barrientes (if any) about

1

the harassment; and (2) internal memos or other written materials about the City's investigation into Abbt's complaint.

Abbt understands the City intends to assert attorney-client privilege over the City's investigation into Abbt's complaint. By relying on this investigation to argue it met its obligations under Title VII, the City waived any privilege.[1]

**The City's Requested Discovery**

The City seeks discovery of records responsive to the Court's April 15, 2019 Order for Disclosure (dkt # 4), including but not limited to (1) a list of sources and amounts of income since Abbt left the City of Houston; (2) a list of positions applied for – including when, where, for what job, and with whom – since leaving the City of Houston; (3) notes, calendars, diaries, or journals kept during employment with the City; (4) a list of all mental and physical health professionals Abbt has visited for the last ten years, including the date, place and reason, and the medical records for those visits causally related to her employment; and (5) an itemization of damages with the method of calculation.

The City seeks the deposition(s) of medical personnel disclosed pursuant to the discovery requested above.

**Trial**

The parties anticipate this case being ready for trial in the fall/winter of 2022.

---

[1] *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989).

Respectfully submitted,

**Ahmad, Zavitsanos & Mensing P.C.**

*/s/ Joseph Y. Ahmad*
Joseph Y. Ahmad (Attorney-in-charge)
Texas Bar No. 00941100
Jordan Warshauer
Texas Bar No. 24086613
1221 McKinney St., Ste. 2500
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
joeahmad@azalaw.com
jwarshauer@azalaw.com

**Attorneys for Plaintiff**

ARTURO G. MICHEL, City Attorney

DONALD J. FLEMING, Section Chief, Labor, Employment & Civil Service Section
Fed. Bar No. 19835
Texas Bar No.07122500
E-mail: Don.Fleming@houstontx.gov
Tel. (832) 393-6303

 */s/   Deidra Norris Sullivan*
DEIDRA NORRIS SULLIVAN
Senior Assistant City Attorney
ATTORNEY-IN-CHARGE
Fed. Bar No. 1338580
Texas Bar No. 24080648
Phone: (832) 393-6299
Email: Deidra.Sullivan@houstontx.gov

City of Houston Legal Department
P.O. Box 368
Houston, Texas 77002
Fax (832) 393-6259

**Attorneys for Defendant**

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, a true and correct copy of the foregoing document was served on all counsel of record via CM/ECF.

*/s/ Joseph Y. Ahmad*
Joseph Y. Ahmad
